UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

APRIL Y.,

                    Plaintiff,

     v.

ANDREW M. SAUL,
Commissioner of Social Security,

                    Defendant.

CASE NO. C19-1941-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).   The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ).   Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1981.[1]  She has a high school diploma and previously worked as a receptionist.  (AR 250.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

Plaintiff applied for SSI and Disability Insurance Benefits (DIB) in November 2016, alleging disability as of June 1, 2001.[2] (AR 222-30.) Those applications were denied and Plaintiff timely requested a hearing. (AR 137-45, 147-53, 158-63, 165-66.)

On May 31, 2018, ALJ Larry Kennedy held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 43-77.) On September 25, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 22-37.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on September 25, 2019 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. (AR 26.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's bipolar disorder, anxiety disorder, and post-traumatic stress disorder. (AR 26-29.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 29-31.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

---

[2] At the administrative hearing, Plaintiff amended her alleged onset date to November 17, 2016, and withdrew her application for DIB. (AR 51-52.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with the following nonexertional limitations: she must avoid concentrated exposure to pulmonary irritants.  She can perform simple, routine tasks and follow short, simple instructions.  She can do work that requires little or no judgment and can perform simple duties that can be learned on the job in a short period.  She can work in proximity to co-workers, but not in a cooperative or team effort.  She requires a work environment that has no more than superficial interactions with co-workers.  She requires a work environment that is predictable and with few work setting changes.  She requires a work environment without public contact.  (AR 31.)

The ALJ found that Plaintiff has no past relevant work (AR 35), and thus moved on to step five, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as janitor, laundry worker II, small products assembler, and electrical accessories assembler.  (AR 35-36.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

1   2002).

2       Plaintiff argues the ALJ erred in (1) finding her physical impairments not severe at step

3   two and/or not accounting for any physical limitations in the RFC assessment, (2) failing to fully

4   account for her obesity, (3) discounting her subjective symptom testimony, and (4) assessing

5   certain medical opinions.  The Commissioner argues that the ALJ's decision is supported by

6   substantial evidence and should be affirmed.

7                                        Step two

8       At step two, a claimant must make a threshold showing that her medically determinable

9   impairments significantly limit her ability to perform basic work activities.  *See Bowen v. Yuckert*,

10  482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic work activities" refers

11  to "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1522(b), 416.922(b).

12  "An impairment or combination of impairments can be found 'not severe' only if the evidence

13  establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability

14  to work.'"  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling

15  (SSR) 85-28).  "[T]he step two inquiry is a de minimis screening device to dispose of groundless

16  claims."  *Id*. (citing *Bowen*, 482 U.S. at 153-54).  An ALJ is also required to consider the

17  "combined effect" of an individual's impairments in considering severity.  *Id*.  A diagnosis alone

18  is not sufficient to establish a severe impairment.  Instead, a claimant must show his medically

19  determinable impairments are severe.  20 C.F.R. §§ 404.1521, 416.921.

20      Plaintiff assigns error to multiple aspects of the ALJ's step-two findings regarding physical

21  conditions.  First, Plaintiff argues that the ALJ erred in considering Plaintiff's physical conditions

22  separately rather than in combination, to determine whether her conditions caused significant

23  workplace limitations.  Dkt. 10 at 4-5.  Plaintiff contends that if the ALJ had considered her

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

conditions in combination, "he would have had to have found that Plaintiff was not able to perform work at all exertional levels." Dkt. 10 at 5. Plaintiff does not explain why the ALJ's RFC assessment would have been different, however, and does not cite any evidence indicating that her conditions considered in combination led to symptoms that were ignored by the ALJ. Plaintiff's conclusory argument fails to establish harmful legal error in the ALJ's condition-by-condition discussion at step two.

Second, Plaintiff argues the ALJ erred in finding Plaintiff's chronic pain syndrome to be not medically determinable. The ALJ acknowledged that the record contained references to a chronic pain diagnosis, but the ALJ found that these treatment notes failed to establish evidence of the relevant diagnostic criteria for this condition. (AR 28.) The ALJ also indicated that he considered Plaintiff's allegations of chronic pain in connection with her severe mental impairments. (*Id.*) Indeed, Plaintiff references many mental symptoms (*e.g.* problems sleeping, fatigue, mood swings, anxiety, panic attacks, agoraphobia, difficulty completing tasks and interacting with others) that she links to her chronic pain (Dkt. 10 at 5), and the ALJ discussed those allegations in the decision. (AR 31-33.) Plaintiff has not pointed to medical evidence referencing chronic pain symptoms not discussed by the ALJ, and Plaintiff did not allege any physical limitations in her agency paperwork. (AR 245.) Given that Plaintiff has not shown that the ALJ erred in finding that her chronic pain diagnoses did not satisfy the diagnostic criteria, nor shown that including chronic pain syndrome at step two would have led to the inclusion of other RFC limitations even if it had been found to be medically determinable, Plaintiff has failed to establish harmful legal error in the ALJ's assessment of chronic pain syndrome.

Third, Plaintiff argues that the ALJ erred in failing to discuss her diagnosed myofascial pain. Dkt. 10 at 6. Plaintiff points to multiple instances of references to myofascial pain in the

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

record.  *Id.* (citing, *e.g.*, AR 400, 402, 420, 424, 739, 752).  In each of those illustrative citations, myofascial pain is listed in a long list of conditions, without any accompanying discussion of symptoms, limitations, or treatment.  (AR 400, 402, 420, 424, 739, 752.)  Inclusion of myofascial pain in a list of diagnoses is not sufficient to demonstrate that a condition is either medically determinable or severe, and Plaintiff has not identified any evidence showing that her myofascial pain caused any particular limitations.  For these reasons, Plaintiff has failed to meet her burden to show harmful legal error stemming from the ALJ's failure to discuss Plaintiff's myofascial pain.

Lastly, Plaintiff alleges that the ALJ erred in assessing her obesity.  The ALJ discussed Plaintiff's obesity at step two, finding it to be not severe.  (AR 27.)  Plaintiff argues that the ALJ's findings fail to comply with agency guidance because the ALJ failed to discuss the impact of Plaintiff's obesity on her ability to sustain physical activity over time or on her mental impairments.  Dkt. 10 at 8.  But Plaintiff cites no evidence that her obesity impacted her ability to sustain physical activity or impacted her mental impairments.  Dkt. 10 at 8-9.  Plaintiff points to an examining psychologist's opinions as evidence that she would have various marked limitations (Dkt. 10 at 8-9 (citing AR 390, 941)), but those opinions do not mention obesity.  (AR 388-96, 940-45.)  Accordingly, Plaintiff has failed to show that the ALJ's findings regarding her obesity were erroneous.

Because Plaintiff has failed to show that the challenged step-two findings were erroneous and/or resulted in any harm in the ALJ's decision, the Court affirms the ALJ's step-two findings.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective symptoms, finding her allegations to be inconsistent with (1) the many normal objective findings in the record, (2) her own reports to providers that she was "doing OK", and (3) her activities.  (AR 31-33.)  The ALJ also found that

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

1    Plaintiff's poor work history suggests that her current lack of employment is based on factors other

2    than medical impairments.   (AR 33.)   Plaintiff argues that this reasoning is not clear and

3    convincing, as required in the Ninth Circuit.  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir.

4    2014).

5           With respect to the normal objective findings, Plaintiff argues that the ALJ failed to explain

6    how these findings contradict her allegations. Dkt. 10 at 15.  This argument is not persuasive: the

7    ALJ contrasted the evidence of her "benign presentation" during appointments with Plaintiff's

8    allegations of "chronic, incapacitating depression and bipolar disorder[.]"  (AR 33.)   Although

9    this reasoning may not solely support the ALJ's discounting of Plaintiff's allegations, the ALJ did

10   not err in considering the degree to which Plaintiff's allegations were corroborated by the objective

11   record.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain

12   testimony cannot be rejected on the sole ground that it is not fully corroborated by objective

13   medical evidence, the medical evidence is still a relevant factor in determining the severity of the

14   claimant's pain and its disabling effects.").

15          Next, the ALJ noted that Plaintiff reported to her providers on more than one occasion that

16   she was doing "OK" and that her symptoms improved with medication.  (AR 33 (citing AR 912,

17   916, 920).)   The ALJ did not err in considering the extent that Plaintiff's reports to providers

18   matched her disability allegations.  *See, e.g.*, *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)

19   (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms).

20          The ALJ went on to find Plaintiff's activities to be inconsistent with her allegations.  (AR

21   33.)  The ALJ cited, for example, Plaintiff's ability to care for her three children and manage their

22   schedules, complete household chores, leave her home daily, and manage her finances as evidence

23   that undermines Plaintiff's allegations.  (AR 33.)  Plaintiff contends that these activities do not

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

contradict her allegations or demonstrate the existence of transferable work skills, and therefore do not support the ALJ's discounting of her allegations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").  The ALJ's decision highlights, however, allegations that are inconsistent with the cited activities: the ALJ noted Plaintiff's alleged fatigue, difficulty leaving the house, and concentration deficits (AR 31), and these allegations are reasonably inconsistent with evidence showing Plaintiff was capable of managing her household with three children, including getting them ready for school and transporting them to school or the bus stop; preparing full meals daily; washing laundry and dishes, and vacuuming; attending her children's field trips and watching her children's sporting events; managing her own personal care and medication without reminders; leaving her home on a daily basis; and managing her own finances.  (AR 33.)  The ALJ did not err in finding that at least some of Plaintiff's activities are inconsistent with her allegation of disabling mental limitations.

Lastly, the ALJ found that the record suggested that Plaintiff was not working for reasons other than her impairments, which undermines her disability claim.  *See* SSR 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work.").  The ALJ detailed Plaintiff's scant work history, even during the many years before she alleges she became disabled, which led the ALJ to conclude that Plaintiff's "current lack of employment is related to other factors than medical impairments."  (AR 33.)   Plaintiff suggests that this finding is not supported by substantial evidence, because the ALJ cited only one record as suggesting that Plaintiff quit a telemarketing job because she did not like it.  (*See* AR 33 (citing 940).)  But other evidence in the record also supports the ALJ's conclusion that Plaintiff's unemployment was not

due to her impairments.  (*See, e.g.*, AR 313 ("[Plaintiff] [g]raduated high school, started college, got pregnant, and now stays home and cares for children"), 324 ("employed until pregnancy").) Plaintiff has not shown that the ALJ selectively cited evidence out of context, and does not point to evidence showing that her work history was more robust than the ALJ found.  Thus, Plaintiff has failed to establish error in this line of the ALJ's reasoning.  *See Thomas*, 278 F.3d at 959 (ALJ properly considered "'extremely poor work history'" and showing of "'little propensity to work in [claimant's] lifetime'" as negatively affecting her credibility as to inability to work; noting claimant's "work history was spotty, at best, with years of unemployment between jobs, even before she claimed disability").

Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's allegations, the Court affirms this part of the ALJ's decision.

<u>Medical opinion evidence</u>

Psychologist David Mashburn, Ph.D., examined Plaintiff twice, in September 2016 and May 2018, and completed DSHS form opinions after each examination.  (AR 388-96, 940-45.) Plaintiff's mental health clinician Brendon Mendoza also completed a form opinion describing Plaintiff's ability to work in May 2016.  (AR 930-32.)  The ALJ discounted all of these opinions (AR 34-35), and Plaintiff contends that the ALJ's reasons for doing so are not legally sufficient.

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[3]  Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'"

---

[3] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

1   reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted,

2   a treating or examining doctor's opinion may not be rejected without "'specific and legitimate

3   reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting

4   *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

5          Lay witness testimony as to a claimant's symptoms or how an impairment affects ability

6   to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v.*

7   *Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses

8   only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

9   <u>Dr. Mashburn</u>

10         The ALJ summarized Dr. Mashburn's opinions and explained that he gave them slight

11  weight because (1) Dr. Mashburn did not review Plaintiff's longitudinal records, (2) his checkbox

12  opinions regarding Plaintiff's limitations were unexplained and inconsistent with mental status

13  examinations, (3) his opinions were rendered for the purpose of qualifying Plaintiff for state

14  benefits rather than assessing her RFC, and (4) he did not explain why Plaintiff's deficits increased

15  between 2016 and 2018. (AR 34-35.)

16         Plaintiff argues that the ALJ erred in discounting Dr. Mashburn's opinions based on his

17  lack of access to the longitudinal record because the ALJ did not point to any evidence in the

18  longitudinal record that contradicts Dr. Mashburn's opinions. Dkt. 10 at 10. But this argument

19  misconstrues the ALJ's point: the ALJ found that Dr. Mashburn's opinions were undermined by

20  his lack of familiarity with Plaintiff's case record. (AR 34-35 & n.3.) This is a valid reason to

21  discount Dr. Mashburn's opinions. *See, e.g.*, 20 C.F.R. § 416.927(c)(6). To the extent that the

22  ALJ also suggested that Dr. Mashburn's 2018 opinion was inconsistent with Plaintiff's

23  psychotherapy record (AR 35), the ALJ cited notes that are indeed reasonably inconsistent with

1   Dr. Mashburn's opinion.  (*See, e.g.*, AR 32 (summarizing many normal objective mental findings),

2   33 (referencing notes suggesting improvement with medication and Plaintiff's reports of doing

3   OK).)  The ALJ did not err in discounting Dr. Mashburn's opinion on this basis as well.  *See, e.g.*,

4   *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion

5   presenting inconsistencies between the opinion and the medical record).

6          Plaintiff goes on to argue that the ALJ erred in finding Dr. Mashburn's conclusions to be

7   inconsistent with his largely normal mental status examinations, because such a finding is

8   conclusory.  Dkt. 10 at 11.  Plaintiff is mistaken: the ALJ explicitly contrasted the checkbox

9   limitations with the mental status examination findings, which are indeed reasonably inconsistent.

10  (AR 34-35.)  This is a valid reason to discount Dr. Mashburn's opinions.  The ALJ also reasoned

11  (AR 35) that Dr. Mashburn failed to explain why Plaintiff's deficits increased between 2016 and

12  2018, even though her mental status examinations were nearly identical on both occasions.

13  (*Compare* AR 389-92 *with* AR 941-43.)  This is another internal inconsistency that the ALJ

14  properly considered when weighing Dr. Mashburn's opinions.  *See Morgan v. Comm'r of Social*

15  *Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately considers internal

16  inconsistencies within and between physicians' reports).

17         Lastly, Plaintiff argues that the ALJ erred in discounting Dr. Mashburn's opinions because

18  they were provided for the purpose of determining eligibility for state benefits rather than

19  describing her RFC.  Dkt. 10 at 11.  The Commissioner does not defend this line of reasoning.

20  Dkt. 14 at 11.  To the extent that this reasoning is erroneous, the error is harmless in light of the

21  ALJ's other valid reasons to discount Dr. Mashburn's opinions.  *See Carmickle v. Comm'r of*

22  *Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

23         Because the ALJ provided several legally sufficient reasons to discount Dr. Mashburn's

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 11

opinions, the Court affirms the ALJ's assessment of these opinions.

Mr. Mendoza

The ALJ did not assign any particular weight to Mr. Mendoza's opinion, but noted that it was written "half a year" before the adjudicated period began, and found that during the adjudicated period Plaintiff's symptoms improved with treatment after she separated from her ex-boyfriend.  (AR 35 (citing AR 703, 912, 916).)

Plaintiff argues that the ALJ erred in discounting Mr. Mendoza's opinion based on timing because Plaintiff had alleged that her disability began in 2001, many years before Mr. Mendoza's 2016 opinion was completed.  Dkt. 10 at 12.  But at the administrative hearing, as noted *supra*, Plaintiff amended her alleged onset date to her application date, November 17, 2016, and thus Plaintiff has not shown that the ALJ erred in finding that Mr. Mendoza's opinion predated the adjudicated period.  *See Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

Furthermore, the ALJ cited evidence dating to the adjudicated period that contradicts Mr. Mendoza's opinion, which suggested that Plaintiff was not experiencing any relief from her symptoms.  (AR 931.)  Plaintiff argues that even if her symptoms improved during the adjudicated period, some symptoms persisted.  Dkt. 10 at 13.  The ALJ's decision does not find that all of Plaintiff's symptoms were eliminated, however: the ALJ's RFC assessment includes significant mental limitations.  (AR 31.)  The ALJ cited evidence of some improvement in records post-dating Mr. Mendoza's opinion, which supported the ALJ's assessment of Mr. Mendoza's opinion.  Thus, Plaintiff has not shown that the ALJ erred in discounting Mr. Mendoza's opinion based on its inconsistency with the record during the adjudicated period.  *See Thomas*, 278 F.3d at 957 (ALJ may consider improvement with treatment in discounting physician's opinion); *Lewis v. Apfel*, 236

F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").  Accordingly, the Court affirms the ALJ's assessment of Mr. Mendoza's opinion.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 23rd day of September, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 13